## THE ERIE AND PACIFIC DISPATCH

*v.*

## EDWARD N. STANLEY *et al.*

*Filed at Ottawa November 11, 1887.*

1.  EVIDENCE — *on cross-examination—to what matters restricted.*   A cross-examination must be limited to the subject matter of the direct examination.   When a witness is examined in chief, only as to the time and place of the delivery of goods to him as agent of the defendant, it is not proper, on his cross-examination by the defendant, to ask him about his previous course of dealing with the plaintiffs' agent, to show notice to him of restrictions of defendant's liability.

2.  In this case, which was an action against a common carrier for damage to goods shipped, by reason of delay in transportation and want of care, after the defendant had closed its case the plaintiffs called in rebuttal the agent of the defendant, who had already testified for the defence, and showed him a duplicate of the bill of lading of the goods, merely for the purpose of refreshing his memory as to the date and place of shipment.   On cross-examination, defendant, after calling out from the witness that the paper shown him, and which had not been offered in evidence, was a duplicate bill of lading, offered to show by the bill of lading that the risks of injury to the goods by reason of decay during transportation were specially excepted and assumed by the shippers, and that the receipt was a printed form used by the plaintiffs' agent with the defendant: *Held,* that the matter referred to in the offer was not proper cross-examination, and was properly excluded.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Messrs. WILLARD & DRIGGS, for the appellant:

The court erred in its refusal to allow the witness to state what paper it was that counsel had shown him.   1 Greenleaf on Evidence, sec. 437.

The court also erred in excluding the bill of lading upon appellant's offer to show thereby that the risks of injury to the goods by reason of decay were especially excepted.   The admission of the paper in such a case, at the request of the

opposite party, is recognized in *Peck* v. *Lake,* 3 Lans. 136. See, also, *Loyd* v. *Freshfield,* 2 C. & P. 325; *Rex* v. *Ramsden,* 2 id. 603.

Mr. J. W. LANEHART, and Messrs. FRANK J. SMITH & HELMER, for the appellees:

A cross-examination must be limited to the subject matter of the direct examination.   But the bill of lading was not offered by way of or as cross-examination.   It was offered to establish a new affirmative defence after the defendant had rested.

But further, the offer made was otherwise objectionable. It included evidence plainly not included in or referred to by any "bill of lading," viz., "that this receipt is printed and used by Haskins himself, with the company."   Such an offer was palpably improper.   Of course, in order to have made provisions in a receipt or bill of lading efficient to relieve a carrier from its common law liability, it was necessary not only to show the existence of such provisions in the receipt or bill of lading, but also to show that the contents of the receipt were known to the shipper at the time it was accepted.   Counsel, knowing this rule of the law, injected into the offer of the bill of lading an offer to prove such a course of dealings as would charge the plaintiffs' agent, Haskins, with a knowledge of the contents of the receipt.   The offer must be taken as it stands. To have asked the witness concerning the course of business with Haskins, as a cross-examination of direct testimony, limited to the time and place of the delivery of the goods in question, would have been manifestly improper, under the repeated decisions of this court.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action brought by appellees, fruit dealers in the city of Chicago, against appellant, a common carrier of freight from New York to Chicago, to recover damages to nine hundred

and sixty-four boxes of lemons shipped by appellees from New York to Chicago over appellant's fast freight line.   The lemons were alleged to have been injured and spoiled by reason of delay and want of care in their transportation.   Appellees recovered judgment in the trial court, which judgment has been affirmed by the Appellate Court, whence the case comes before us by appeal.

After the defendant had closed its case upon the trial in the court below, the plaintiffs called in rebuttal one J. B. Wells, the contracting agent of defendant and who had already testified for the defence.   Plaintiffs showed Wells a duplicate of the bill of lading of the goods merely for the purpose of refreshing his memory as to the date and place of shipment. Upon cross-examination, defendant's counsel, after calling out from the witness that the paper shown him by the plaintiffs and which they had not introduced in evidence, was a duplicate bill of lading, made the following offer:

"Defendant's Counsel:  We offer to show, by this bill of lading, that the risks of injury to these goods, by reason of decay during transportation, are especially excepted to and assumed to be borne by the shippers; that this receipt is printed and used by Mr. Haskins himself with the company.

"Objected to on the ground that the defendant has closed its case.   Objection sustained, and exception by defendant."

The refusal of the trial court to permit the defendant to show what it proposed to show by the foregoing offer is claimed to be error, and is the only matter, which is pressed upon our attention by the appellant, as being erroneous.

The sole object of the questions asked of the witness upon the direct examination was to refresh his recollection as to the date and place of delivery.   Hence, it is manifest that the subject referred to in the offer was not proper cross-examination. A cross-examination must be limited to the subject matter of the direct examination.

The case had, up to the time the offer in question was made, been tried upon the theory, that defendant was responsible for the decay of the lemons, if its delay and want of care in the transportation had caused such decay. The new matter, proposed to be introduced upon the cross-examination of a witness called in rebuttal was, that the plaintiffs, the shippers of the goods, had assumed to bear all risk of injury to the goods by reason of decay during transportation. This new theory had not been set up in the pleadings, nor had it been suggested in any of the evidence that had been introduced on either side before the offer in question was made.

Haskins was the agent of the plaintiffs at New York, who had made the contract with the defendant for the shipment of the goods. The offer of the defendant not only proposed to show that plaintiffs had themselves assumed all risk of injury to the goods, but that the provisions upon that subject in the bill of lading were printed and were known to Haskins when he accepted the bill of lading. It was proposed to prove, that Haskins had notice of the contents of the paper, by proving that he was in the habit of using such forms of receipt. It certainly would not have been proper to ask the witness Wells, upon his cross-examination, about his course of dealing with Haskins, when his direct examination had been limited to the time and place of the delivery of the goods in controversy.

We are, therefore, of the opinion that the trial court committed no error in sustaining the objection made to the offer in question.

The judgment of the Appellate Court is accordingly affirmed.

*Judgment affirmed.*